1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

| | |
|---|---|
| WILLIAM CECIL THORNTON, | **Case No. 1:15-cv-01782-EPG (PC)** |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND IN FORMA PAUPERIS STATUS SHOULD NOT BE REVOKED; ORDER DENYING MOTION FOR EXTENSION OF TIME** |
| v. | |
| DR. PAL VIRK, | |
| Defendant. | (ECF No. 22) |
| | **TWENTY-ONE DAY DEADLINE** |

18

19

20

21

22

23

24

25

26

27

28

Plaintiff William Thornton is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff opened this case by mailing a letter to the U.S. District Court for the Northern District of California on October 6, 2015. (ECF No. 1.) The clerk opened a case for Plaintiff, but directed him to file a complaint with the court to proceed with his civil action. (ECF No. 2.) Plaintiff was warned that his action would be dismissed if he did not file a complaint within 28 days. The court later issued an order transferring the case to the Eastern District of California. (ECF No. 11.) Plaintiff was granted *in forma pauperis* status on December 2, 2015. (ECF No. 14.)

By September 27, 2016, Plaintiff had still not filed a complaint in this action and the Court issued an order requiring Plaintiff to file a complaint within 45 days. (ECF No. 17.) Once again, Plaintiff was warned that a failure to file a complaint would result in the dismissal of the

1

1   action. Plaintiff filed a request for a 60 day extension to his deadline, which was granted. (ECF

2   Nos. 18, 19.) The Court reminded Plaintiff, however, that voluminous records should not be

3   attached to his complaint and that the complaint should only contain a short and concise statement

4   explaining what happened to him and why he is entitled to relief.

5          On December 28, 2016, Plaintiff requested another extension, which was granted. (ECF

6   No. 20.) Plaintiff has now filed another request for extension of time, saying that he is "about

7   two/thirds complete" with his complaint and would like additional time to complete it. Plaintiff

8   has had nearly a year and a half to draft a complaint but has yet to do so. The Court finds no good

9   cause for an additional extension of time and DENIES Plaintiff's request.

10          The Local Rules, corresponding with Rule 11 of the Federal Rules of Civil Procedure,

11   provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be

12   grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of

13   the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and

14   in exercising that power, a court may impose sanctions, including dismissal of an action.

15   *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may

16   dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to

17   obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d

18   1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

19   amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

20   (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424

21   (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

22          The deadline for Plaintiff to file a complaint has now passed several times over. The fact

23   that Plaintiff has failed to file a complaint in this action, despite the fact that the case has been

24   pending for over a year, suggests that Plaintiff is not serious about pursuing this action and has

25   failed to prosecute his case. Moreover, the case cannot proceed without an operative complaint.

26          Plaintiff is also subject to 28 U.S.C.  § 1915(g), which provides that "[i]n no event shall a

27   prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior

28   occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

1   the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

2   a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

3   physical injury."

4       Plaintiff has brought more than three actions that have been dismissed for being frivolous

5   or malicious, or for failing to state a claim.[1] The remaining question is whether Plaintiff is under

6   imminent danger of serious physical injury.

7       The imminent danger exception applies if "the complaint makes a plausible allegation that

8   the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v.*

9   *Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). The Ninth Circuit interprets "imminent danger"

10  to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued

11  with a practice that has injured him or others similarly situated in the past. *Id.* at 1056-57.

12      A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make

13  specific, credible allegations of imminent danger of serious physical harm. *McNeil v. U.S.*, 2006

14  WL 581081 (W.D. Wash. Mar. 8, 2006) (*citing Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th

15  Cir. 2001), and *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)). Vague, speculative,

16  and non-specific allegations are insufficient. *See Pauline v. Mishner*, Case No. 09-00182

17  JMS/KSC, 2009 WL 1505672, at *1 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory

18  allegations of possible future harm to himself or others are insufficient to trigger the "imminent

19  danger of serious physical injury" exception to dismissal under § 1915(g)); *Cooper v. Bush*, Case

20  No. 3:06-cv-653-J-32TEM, 2006 WL 2054090, at *1 (M.D. Fla. July 21, 2006) (plaintiff's

21  allegations that he will commit suicide, or that he has already attempted suicide and will do so

22  again, are insufficient to show imminent danger); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077

23  (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to beat,

---

[1] The Court takes judicial notice of the following U.S. District Court cases: *Thornton v. Neotti*, Case No. 3:10-cv-01677-LAB (BGS) (S.D. Cal. Jan. 3, 2011) (dismissing case for failure to state a claim); *Thornton v. Cate*, Case No. 3:10-cv-01585 (S.D. Cal. June 28, 2011) (same); *Thornton v. Cavalin*, Case No. 3:11-cv-00108-BEN-CAB (S.D. Cal. July 19, 2011) (dismissing case as "frivolous" under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)); *Thornton v. Cavalin*, Case No. 3:11-cv-2309-MMA-PCL (S.D. Cal. Jan. 9, 2012) (same); *Thornton v. Deddeh*, Case NO. 3:11-cv-02401-LAB-CAB (S.D. Cal. Jan. 17, 2012) (same). *See also Thornton v. Oliver*, Case No. 14-cv-2341-GPC (NLS), 2015 WL 46753, at *2 (S.D. Cal. Jan. 2, 2015) (surveying plaintiff's three strike cases and denying IFP status); *Thornton v. Shanahan*, Case No. 14-cv-1465-BTM (RBB), 2014 WL 5112060, at *2 (S.D. Cal. Oct. 10, 2014) (same).

assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

As an initial matter, Plaintiff has not filed a complaint, despite the fact that the case was opened in October 2015. Thus, it may be impossible for the Court to find that Plaintiff has plausibly alleged an imminent danger of serious physical injury. Even if the Court were to broadly construe the documents Plaintiff has filed with the Court, however, Plaintiff appears to have filed this lawsuit simply because he believes that a doctor at his prison incorrectly claimed that he received physical therapy when he did not, in fact, receive physical therapy. (ECF No. 1.) This allegation does not present even the potential for imminent physical harm to Plaintiff. It does not appear that Plaintiff is entitled to proceed *in forma pauperis*.

Accordingly, it is hereby ordered that:

1. Within **twenty-one days** of this order, Plaintiff must file a written response showing cause why:

   a. His *in forma pauperis* status should not be revoked for incurring three strikes within the meaning of 28 U.S.C. § 1915(g); and,

   b. His case should not be dismissed for failure to follow court orders, for failure to prosecute his case, and for failure to file an operative complaint.

2. If Plaintiff fails to respond to the Court's order as set forth above, the Court may dismiss his case.

IT IS SO ORDERED.

Dated:   __February 9, 2017__                    /s/ *Erica P. Grosj*
                                                  UNITED STATES MAGISTRATE JUDGE

4