UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. PAL VIRK,<br><br>        Defendant. | **Case No. 1:15-cv-01782-EPG (PC)**<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER; ORDER REVOKING IN FORMA PAUPERIS STATUS**<br><br>(ECF No. 23) |

    Plaintiff William Thornton is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff opened this case by mailing a letter to the U.S. District Court for the Northern District of California on October 6, 2015. (ECF No. 1.) The clerk opened a case for Plaintiff, but directed him to file a complaint with the court to proceed with his civil action. (ECF No. 2.) Plaintiff was warned that his action would be dismissed if he did not file a complaint within 28 days. The court later issued an order transferring the case to the Eastern District of California. (ECF No. 11.) Plaintiff was granted *in forma pauperis* status on December 2, 2015.[1] (ECF No. 14.)

    By September 27, 2016, Plaintiff had still not filed a complaint in this action and the Court issued an order requiring Plaintiff to file a complaint within 45 days. (ECF No. 17.) Once

---

[1] On December 9, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 15.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the Magistrate Judge shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

1

again, Plaintiff was warned that a failure to file a complaint would result in the dismissal of the action. Plaintiff filed a request for a 60 day extension to his deadline, which was granted. (ECF Nos. 18, 19.) The Court reminded Plaintiff, however, that voluminous records should not be attached to his complaint and that the complaint should only contain a short and concise statement explaining what happened to him and why he is entitled to relief.

On December 28, 2016, Plaintiff requested another extension, which was granted. (ECF No. 20.) On February 7, 2017, Plaintiff again filed a request for an extension of time. (ECF No. 22.) The Court denied his extension of time. (ECF No. 23.) The Court also issued an Order to Show Cause why the action should not be dismissed based on Plaintiff's failure to file a complaint in compliance with multiple court orders. The Order to Show Cause also asked Plaintiff to explain why his *in forma pauperis* status should not be revoked because he has previously had more than three cases dismissed for failure to state a claim. It also warned that failure to respond to the Order would lead to dismissal of the case.

On February 28, 2017, Plaintiff asked for an extension of time to respond to the Order to Show Cause, which was granted. (ECF Nos. 24, 25.) The deadline to respond to the Order to Show Cause has now passed and Plaintiff has not filed any response.

## I.   IN FORMA PAUPERIS STATUS

As explained in the Order to Show Cause, Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Whether an action was dismissed because it was frivolous, malicious, or failed to state a claim turns on an evaluation of the dismissal order. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("prior dismissals would qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, the district court determined that they had been dismissed because they were frivolous, malicious or failed to state a claim."). An

"imminent danger" exists "if the danger existed at the time the prisoner filed the complaint." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007), *citing United States v. Jackson*, 480 F.3d 1014, 1018-19 (9th Cir. 2007) (emphasis added).

In the Order to Show Cause, the Court identified seven separate cases, all of which were dismissed because they were either frivolous or failed to state a claim. In *Thornton v. Cavalin*, Case No. 3:11-cv-00108-BEN-CAB (S.D. Cal. July 19, 2011), for instance, Plaintiff's claims were determined to be frivolous because they had been litigated in a prior action. In *Thornton v. Neotti*, Case No. 3:10-cv-01677-LAB-BGS (S.D. Cal. Jan. 3, 2011), Plaintiff's claims were dismissed because he failed to state a claim under § 1983. And in *Thornton v. Cate*, Case No. 3:10-cv-01585 (S.D. Cal. June 28, 2011), the court dismissed Plaintiff's failure to provide medical treatment claim because he could not adequately plead that defendants acted with deliberate indifference to any medical need. Plaintiff thus has at least three prior cases that were dismissed because they were frivolous or failed to state a claim.

And, as explained in the Order to Show Cause, Plaintiff has not demonstrated that he is in imminent danger of serious physical injury. First, there is no operative complaint, so Plaintiff cannot have plausibly alleged an imminent danger of serious physical injury. Second, even if the Court were to broadly construe the documents Plaintiff has filed with the Court, it appears that Plaintiff filed this lawsuit simply because he believes that a doctor at his prison claimed that he received physical therapy when he did not, in fact, receive physical therapy. This allegation does not show that Plaintiff is in imminent danger of serious physical injury. Accordingly, Plaintiff's *in forma pauperis* status should be revoked.

## II.   FAILURE TO COMPLY WITH COURT ORDER

The Local Rules, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may

3

dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

To determine whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" *id., quoting Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and here, the action has been pending since October 6, 2015.  Plaintiff has been instructed multiple times to file a complaint and has not complied. Plaintiff's failure to respond to the Court's order reflects Plaintiff's lack of interest in prosecuting this case.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, there is currently no operative complaint that states a claim, minimizing the risk of prejudice due to dismissal at this stage. Moreover, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.*, *citing Yourish*, 191 F.3d at 991. In addition, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, even assuming that Plaintiff could state a cause of action. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses

is not available.

Because public policy favors disposition on the merits, this factor will always weigh against dismissal. *Id*. at 643. Even this factor is mitigated, however, by the fact that Plaintiff's lack of action means that there is no active complaint in this case. Thus, any "merits" the case may have are entirely hypothetical.

Moreover, there is now no operative complaint in this action. Plaintiff was warned in the Order to Show Cause that his failure to respond to the order would result in the dismissal of his case. (ECF No. 14.) Accordingly, this case shall be dismissed.

### III.    ORDER

Based on the foregoing, it is hereby ordered that:

1. Plaintiff's *in forma pauperis* status is revoked and the Court certifies that any appeal from the dismissal of this case is not taken in "good faith" under 28 U.S.C. § 1915(a)(3);
2. This action is DISMISSED for Plaintiff's failure to comply with the Court's orders and for Plaintiff's failure to prosecute this action;
3. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:    **March 29, 2017**                    /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE